# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSEMARY ANAYA,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-3443-15-0094-I-1

DATE: August 27, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Scott L. Zielinski,</u> Esquire, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The appellant received a notice from the Department of the Treasury (Treasury) informing her that the U.S. Postal Service (USPS), her former employer, claimed she owed it a debt of $3296.05, the USPS had referred the debt to the Treasury for collection, and the Treasury would begin collecting the debt via administrative offset from her retirement annuity. Initial Appeal File (IAF), Tab 6 at 4-6. The appellant filed an appeal in which she claimed that she did not owe the USPS anything and that the Treasury's collection efforts were improper. IAF, Tab 1. The administrative dismissed the appeal for lack of jurisdiction without a hearing. IAF, Tab 17, Initial Decision.

¶3       The appellant has filed a petition for review in which she merely states that the initial decision is wrong and requests de novo review. Petition for Review File, Tab 1 at 4. She also submits documents for the first time on review that appear to show that the Treasury has referred the debt to a private collection agency, *id.* at 5-6, but the documents do not pertain to the threshold issue of jurisdiction and they are not new and material evidence, *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight

to warrant an outcome different from that of the initial decision). Therefore, we have not relied on them.

¶4 The Board has limited jurisdiction to review whether a former employing agency provided the required due process before having the Office of Personnel Management offset a debt against the appellant's annuity, but only when the issue is integral to the disposition of an otherwise appealable action. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 6 (2010); *Ramirez v. Department of the Army*, 86 M.S.P.R. 211, ¶ 11 (2000). The appellant has the burden of establishing jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).

¶5 The agency's submissions suggest that the debt is for unpaid insurance premiums and/or overdrawn leave, IAF, Tab 15 at 5-8, but there is nothing in the record that suggests that this debt is integral to the disposition of an otherwise appealable action. Furthermore, the appellant does not allege that the USPS did not afford her the required due process. Because the appellant has not shown jurisdiction over the underlying appeal, the Board lacks jurisdiction to consider her debt collection claim.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.